**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| **KATRINA COLE on Behalf of Herself and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MAPLE AVENUE OPERATING COMPANY, LLC AND ALLIANCE HEALTH GROUP, LLC**<br><br>**Defendants.** | § § § § § § § § § § § § § § | **CIVIL ACTION NO. 1:26-cv-518**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**<u>COLLECTIVE ACTION & JURY DEMAND</u>**

## I. INTRODUCTION

1. Defendants Maple Avenue Operating Company, LLC and Alliance Health Group, LLC ("Defendants") required Plaintiff Katrina Cole ("Plaintiff") to work more than forty (40) hours a week as a certified nursing assistant without the proper amount of overtime pay in violation of federal law. Defendants paid Plaintiff on an hourly basis but failed to pay her for all of the hours she actually worked. Defendants also failed to properly calculate the overtime it did pay her.

2. Defendants automatically deducted thirty minutes a day for each day Plaintiff worked for so called "meal breaks," regardless of whether Plaintiff actually received a bona

fide meal break. But Plaintiff and other employees of Defendants did not actually receive a bona fide meal break.

3. Instead, Defendants required Plaintiff and other employees to remain on duty and perform compensable work throughout their shifts and Defendants continuously subjected them to interruptions during their unpaid "meal breaks."

4. Defendants also paid Plaintiff non-discretionary bonuses but failed to include those bonuses in her regular rate of pay when calculating her overtime compensation.

5. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other hourly workers, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. See 29 U.S.C. § 207(a).

6. Plaintiff brings a collective action to recover unpaid overtime compensation owed to her individually and on behalf of all current and former patient care employees, or similar employees, who performed work for Defendants during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

7. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the Class Members that Defendants violated the North Carolina Wage and Hour Act ("NCWHA") by failing to pay all wages earned as promised and that Plaintiff and the Class Members are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 et seq.

## II. SUBJECT MATTER JURISDICTION AND VENUE

8. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

10. Plaintiff worked in this District when the violations took place at Defendants' nursing home in Reidsville, North Carolina.

## III. PARTIES AND PERSONAL JURISDICTION

11. Plaintiff Katrina Cole is an individual that performed work for Defendants in Guilford County, North Carolina. Plaintiff currently resides in Guilford County, North Carolina. Plaintiff's written consent to this action is attached hereto as Exhibit A.

12. The Class Members are all of Defendants' hourly paid non-exempt patient care employees who received a meal break deduction at any time in the past three years and/or received non-discretionary bonuses, incentive payments, or similar additional compensation that was not included in the calculation of their regular rate of pay for overtime purposes.

13. Defendant Maple Avenue Operating Company, LLC is a domestic business entity and may be served process through its registered agent Alliance Health Group, 4214 W Wendover Avenue, Greensboro, NC 27407.

14. Defendant Alliance Health Group, LLC is a domestic business entity and may be served process through its registered agent Interstate Agent Service LLC, 6047 Tyvola Glen Circle Suite 100, Charlotte, North Carolina 28217.

## IV. COVERAGE ALLEGATIONS

15. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendants' employees handle goods that have traveled in interstate commerce such as vehicles, office supplies, and uniforms. Defendants also process credit card transactions involving out-of-state financial institutions. Defendants also transact business with companies located outside the state of North Carolina.

17. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

18. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

19. Defendants operate a chain of nursing homes and assisted living facilities.

20. Defendant Maple Avenue Operating Company, LLC is a subsidiary of Defendant Alliance Health Group, LLC.

21. Defendants represent themselves to the public as a single company operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, and have common ownership.

22. Defendants operate under a unified business model and part of that unified business model is the wage violations alleged in this Complaint.

23. Thus, Defendants formed a "single enterprise" and are liable for the violations of the other.

24. At all material times, Defendants have been an employer within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

25. At all material times, Plaintiff and the Class Members were employees within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## V. FACTS

26. Defendants operate a chain of nursing and rehabilitation homes across North Carolina under the trade name Alliance Health Group.

27. To perform their work, Defendants hire healthcare workers like Plaintiff to provide the care Defendants offer to their customers.

28. Defendants uniformly classify these employees as non-exempt and pay them on an hourly basis.

29. Plaintiff works for Defendants as a Certified Nursing Assistant ("CNA"). She began working for Defendants in approximately August of 2024.

30. Plaintiff worked for Defendants at their Reidsville, North Carolina location.

31. The Alliance Health Group location where Plaintiff works operates under the trade name Alliance Cypress Valley.

32. As a CNA, Plaintiff was responsible for assisting residents at Defendants' facility, administering medication, and providing other general healthcare services.

33. Throughout her employment, Defendants classified Plaintiff as non-exempt and paid her on an hourly basis.

34. Plaintiff's base hourly rate with Defendants is approximately $23.97 per hour.

35. Plaintiff worked more than 40 hours a week in most weeks.

36. Defendants required Plaintiff to report her hours worked to Defendants.

37. But throughout her employment, Defendants did not pay Plaintiff for all the hours she actually worked.

38. Defendants subjected Plaintiff to their uniform meal break deduction policy.

39. Under that policy, for each day Plaintiff worked, Defendants automatically deducted 30 minutes of work time per day for a meal break regardless of whether Plaintiff actually received or had time to take a bona fide meal break.

40. Defendants did not schedule a meal break for Plaintiff, they simply deducted one from her daily work time.

41. Defendants regularly required Plaintiff to perform compensable work throughout her shifts, including the nominal meal breaks.

42. Defendants required Plaintiff and their other patient care employees to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in performance of their patient care jobs.

43. Defendants required Plaintiff and their other patient care employees to record their hours worked in Defendants' uniform timekeeping system.

44. However, instead of paying for all the time that their healthcare employees actually work during a workweek, Defendants simply assume that those employees have the time and opportunity to actually take a 30 minute uninterrupted meal break.

45. But, like Plaintiff, Defendants' patient care employees do not actually receive a bona fide meal break.

46. Instead, like Plaintiff, Defendants require their health care employees to remain on duty and perform compensable work throughout their shifts, including during their unpaid meal breaks.

47. In Plaintiff's case, for example, Defendants scheduled her to assist with so many patients that her entire day was filled with either patient facing duties or completing patient related paperwork. The schedule Defendants required she keep did not allocate any time for a meal break, much less a 30 minute meal break when she was performing what should have been treated as compensable tasks.

48. Like Plaintiff, Defendants continuously subject their other patient care employees to work interruptions during their unpaid meal breaks.

49. Because of the requirements of the job, Plaintiff and other patient care employees are not free to engage in personal activities during their unpaid meal breaks

because they are never actually relieved of all patient care or other work related duties during these breaks.

50. Plaintiff and other patient care employees routinely spend their unpaid meal breaks performing work for Defendants'—not their own—predominant benefit.

51. This unpaid time is compensable under the FLSA and the NCWHA because Defendants knew, or should have known:

a. Plaintiff and their other patient care employees were performing unpaid work during their meal breaks or after their shifts to complete charting;
b. They were interrupted or subject to interruptions with work duties during any attempted meal break;
c. They were not completely relieved of all duties during their unpaid meal breaks;
d. They entirely skipped their meal periods due to work demands;
e. Their unpaid meal periods were less than 20 consecutive minutes;
f. They were not free to engage in personal activities during their unpaid meal periods because of constant work interruptions;
g. They remained on Defendants' facilities or under Defendants' supervision during their unpaid meal periods; and/or
h. They spent their unpaid meal periods performing their regular patient care duties for Defendants' predominant benefit.

52. Defendants fail to exercise their duty to Plaintiff and their other patient care employees to ensure that these employees are not performing work that Defendants do not want performed during these unpaid meal breaks.

53. Thus, Defendants requested, suffered, permitted, or allowed Plaintiff and their other patient care employees to work during their unpaid meal breaks or after their shifts to complete Defendants' required paperwork and patient charting.

54. Despite accepting the benefit of this labor, Defendants did not pay Plaintiff and their other patient care employees for the work they perform during their automatically deducted meal breaks or post shift charting time.

55. Like Plaintiff, each patient care employee worked more than 40 hours in at least one workweek during the relevant period.

56. Plaintiff and the other patient care employees were also regularly required to work "off the clock" during their unpaid meal breaks to complete their patient care duties and responsibilities and after-hours paperwork for Defendants' predominant benefit.

57. When Plaintiff and the other patient care employees worked more than 40 hours in a workweek, Defendants did not pay them overtime wages for all overtime hours worked because Defendants failed to include the time these employees worked off the clock during their unpaid meal breaks or after-hours work in their total number of hours worked in a given workweek.

58. Defendants' violations of the FLSA were willful and done in reckless disregard of the FLSA.

59. Defendants knew they were subject to the FLSA's overtime provisions.

60. Defendants knew they were subject to the NCWHA's wage payment provisions.

61. Defendants knew the FLSA required them to pay non-exempt employees, including Plaintiff and their other patient care employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek.

62. Defendants knew Plaintiff and the other patient care employees were non-exempt and entitled to overtime pay.

63. Defendants knew Plaintiff and their other hourly patient care employees worked overtime because Defendants required those employees to submit their daily and weekly hours worked.

64. Defendants knew they were required to pay Plaintiff and their other patient care employees for all compensable hours worked.

65. Defendants knew it failed to provide Plaintiff and their other patient care employees with bona fide uninterrupted meal breaks.

66. Defendants knew Plaintiff and the other patient care employees regularly worked during their purported meal breaks.

67. Nevertheless, Defendants automatically deducted 30 minutes a day from Plaintiff's and the other patient care employees' recorded work time for meal breaks and permitted their patient care employees to perform unpaid work after hours.

68. Defendants also paid Plaintiff and their other patient care employees a series of non-discretionary bonuses that were not included in the regular rate when calculating overtime.

69. One of these bonuses is known as the "Pick Up Shift" bonus. That bonus is a flat rate per shift that a patient care employee would earn for working an extra shift.

70. The "Pick Up Shift" bonus was promised to employees in advance as an incentive for working additional shifts and was therefore non-discretionary compensation within the meaning of the FLSA.

71. These bonuses were earned pursuant to policies, programs, or announcements communicated to employees in advance and were intended to induce employees to work specific shifts or additional hours.

72. Defendants fail to include these bonuses in the regular rate when calculating overtime premiums. As a result, Plaintiff and similarly situated employees are being underpaid for the overtime hours they work.

73. Defendant Alliance Health Group, LLC operates other nursing or rehabilitation homes in the state of North Carolina that also use a similar automatic meal break deduction policy as Alliance Cypress Valley.

74. Defendant Alliance Health Group, LLC operates Alliance Camellia Gardens in Henderson, North Carolina.

75. Defendant Alliance Health Group, LLC operates Alliance Cedar Hills in Clemmons, North Carolina.

76. Defendant Alliance Health Group, LLC operates Alliance Dahlia Gardens in Aberdeen, North Carolina.

77. Defendant Alliance Health Group, LLC operates Alliance Linden Place in Greensboro, North Carolina.

78. Defendant Alliance Health Group, LLC operates Alliance Lotus Village in Sparta, North Carolina.

79. Defendant Alliance Health Group, LLC operates Alliance Magnolia Gardens in Thomasville, North Carolina.

80. Defendant Alliance Health Group, LLC operates Alliance Mill Creek in Winston-Salem, North Carolina.

81. Defendant Alliance Health Group, LLC operates Alliance Piedmont Hills in Greensboro, North Carolina.

82. Defendant Alliance Health Group, LLC operates Alliance Pine Acres in Lexington, North Carolina.

83. Defendant Alliance Health Group, LLC operates Alliance Ridge Valley in Wilkesboro, North Carolina.

84. Defendant Alliance Health Group, LLC operates Alliance Willow Valley in Winston-Salem, North Carolina.

85. Defendant Alliance Health Group, LLC operates Alliance Juniper Gardens in Gastonia, North Carolina.

86. Defendant Alliance Health Group, LLC operates Alliance Henderson Health in Henderson, North Carolina.

## VI. COLLECTIVE ACTION ALLEGATIONS

87. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as patient care

employees and in substantially similar positions, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

88. Plaintiff has first-hand knowledge, through her personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

89. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

90. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

91. That is, Defendants subject all of their hourly patient care employees to an automatic meal deduction policy and/or require after-hours uncompensated work and/or pay non-discretionary bonus compensation that is excluded from the regular rate for overtime purposes.

92. All patient care employees have the same essential job functions regardless of location.

93. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

94. The names and addresses of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive

notice via First Class Mail, email, job posting, and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

95. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

96. The Class may be properly defined as follows:

> Defendants' hourly paid non-exempt patient care employees who, at any time during the past three years, received automatic meal break deductions and/or received non-discretionary bonuses, incentive payments, or similar compensation that was excluded from the calculation of their regular rate of pay for overtime purposes.

## VII. CLASS ACTION ALLEGATIONS

97. For those claims brought under the NCWHA, Plaintiff seeks to represent a class consisting of all hourly patient care employees who were employed by Defendants within the two years preceding the filing date of this action.

98. The NCWHA Class seeks to collect overtime wages, back wages, unauthorized wage deductions, and liquidated damages under N.C. Gen. Stat. §§ 95-25.4, 95-25.6, and 95-25.22.

99. The NCWHA violations occurred as a result of Defendants' failure to pay each employee who worked longer than 40 hours in any workweek at a rate of not less than time and one-half of the regular rate of pay for the employee for the employee's overtime hours and/or the wage deductions made by Defendants from the wages due to Plaintiff and

the Class Members pursuant to Defendants' meal break deduction policy and the failure to include all non-discretionary compensation in the regular rate.

100. Plaintiff has a personal interest in issues of law and fact that are common with the NCWHA Class. Plaintiff's claims are typical of the claims of the class. Plaintiff and the undersigned counsel will adequately, competently, and zealously represent the interests of the class.

101. Questions of law and fact common to the members of the NCWHA Class predominate over questions affecting only an individual member:

a. Whether Defendants failed to pay Plaintiff and the NCWHA Class who worked longer than 40 hours in any workweek at a rate not less than time and one half of the regular rate of pay of the employee in violation of N.C. Gen. Stat. § 95-25.4

b. Whether Defendants failed to pay wages when due based upon Defendants' meal break deduction policy

c. Whether Defendants failed to pay wages when due based upon the Defendants' failure to obtain a written authorization in the form required by N.C. Gen. Stat. § 95-25.8(a) when Defendants made deductions to their employees' wages for meal breaks that those employees did not receive

d. Whether Defendants failed to pay Plaintiff and the NCWHA Class all the wages they had agreed to pay when those wages were due

e. Whether Defendants failed to compensate Plaintiff and the NCWHA Class members at the agreed-upon rate when Defendants used an inaccurate system to record the number of hours worked by Plaintiff and members of the NCWHA Class

f. Whether Defendants' failures to comply with the NCWHA were willful.

102. A class action is superior to other methods for the fair and efficient adjudication of the controversy.

## VIII. CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

103. Plaintiff incorporates the preceding paragraphs by reference.

104. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

105. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek.

106. Defendants cannot satisfy their burden to show that any exemption applies.

107. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

108. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

109. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

110. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

**COUNT TWO**
**VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT**
**FAILURE TO PAY WAGES WHEN DUE**
**(CLASS ACTION)**

111. Plaintiff incorporates the preceding paragraphs by reference.

112. The NCWHA claim arises from Defendants' policies and practices of: (1) failing to pay Plaintiff and the Class Members for all compensable work time, including work performed during unpaid meal breaks; (2) failing to include all non-discretionary compensation in the regular rate when calculating overtime wages; and (3) failing to timely pay all earned wages when due in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

113. The NCWHA violations occurred because Defendants failed to compensate Plaintiff and the Class Members for each hour worked.

114. Defendants did not pay all wages due for compensable work time that Defendants allowed, suffered, and/or required Plaintiff and the Class Members to work for Defendants.

115. Defendants failed to pay, and failed to timely pay, all wages earned by Plaintiff on her regularly scheduled paydays, including the next regular payday following the separation of Plaintiff's employment.

116. Defendants also violated the NCWHA by failing to timely pay Plaintiff and similarly situated employees all earned wages when due. Specifically, Defendants failed to pay some non-discretionary bonuses and incentive compensation that employees earned pursuant to Defendants' bonus and staffing policies, including but not limited to "Pick Up Shift" bonuses.

117. Defendants' conduct was willful. Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the NCWHA and its accompanying regulations.

118. Plaintiff and the Class Members are entitled to damages from Defendants, jointly and severally, in the amount of the unlawful deductions, plus liquidated damages in the same amount and costs and attorneys' fees.

## IX. JURY DEMAND

119. Pursuant to her right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

120. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

a. Overtime compensation for all hours worked in excess of forty (40) hours in a workweek at the rate of one and one-half times their regular rates of pay;

b. Unpaid wages wrongfully deducted pursuant to Defendants' meal break policies;

c. An equal amount of their unpaid overtime premiums and unpaid wages as liquidated damages;

d. Reasonable attorney's fees, costs, and expenses of this action; and

e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted on this, the 4th day of June 2026,

**/s/ Wilson Fong**
*Attorney for the Plaintiff and Class Members*
NC State Bar No. 50708
Hensel Law, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

Beatriz-Sosa Morris (will apply for special appearance)
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
John Neuman (will apply for special appearance)
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
4151 Southwest Freeway, Suite 515
Houston, TX 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

Maple Avenue Operating Company, LLC
c/o Alliance Health Group
4214 W. Wendover Ave.
Greensboro, NC 27407-1909
*Defendant*

Alliance Health Group, LLC
c/o Interstate Agent Services LLC
6047 Tyvola Glen Circle Ste 100
Charlotte, NC 28217
*Defendant*

Defendant
c/o Registered Agent
Registered mailing address
*Defendant*

**/s/ WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com